In the Matter of WILLIAM F. KING, an Attorney.
ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 14, 1955.

*Frank H. Gordon* for petitioner.

No appearance for respondent.

*Per Curiam.* The Referee has reported that respondent is guilty of three charges of professional misconduct. The evidence fully supports the findings. Respondent appeared at two of the three meetings of the Grievance Committee but failed to appear at any of the hearings before the Referee.

The basis for the first charge is the disposition of an escrow fund held by respondent to satisfy his client's creditors. All of the creditors who could be subpœnaed testified before the Referee, with one exception, that they had never been paid. The Referee found that respondent had converted a substantial portion of the escrow fund.

The second charge found to have been sustained was respondent's gross negligence in handling a small estate and without excuse withholding from his client one of the principal assets. Except for securing the appointment of the administratrix, respondent, in return for a substantial fee, did nothing over a six-year period to close out the estate. In addition, respondent withheld from his client and the Referee certain shares of stock which he did not return until threatened by the Referee with

234

punishment for contempt for failure to obey a subpœna duces tecum.

The final charge which was sustained involved gross negligence in handling a personal injury action and a false representation to his clients that the action had been settled. Despite assurances to his clients that their claim was properly being taken care of, respondent did not institute an action until after the Statute of Limitations had run against them. Seeking to avoid further charges before the Grievance Committee, respondent told his clients that the action had been settled when it had not.

Not only does the record support the conclusions of the Referee but respondent, by his willful disregard of the proceedings and his failure to produce the stock certificates, except under threat of punishment for contempt, has made it clear that he is unfit to be a member of the Bar. The report of the Referee should be confirmed and respondent should be disbarred.

PECK, P. J., COHN, CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Respondent disbarred.